Judge ERDMANN
delivered the opinion of the court.
Private First Class Juan R. Gutierrez entered pleas of not guilty to one specification of assault with intent to commit rape, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), and one specification of making an official statement with intent to deceive, in violation of Article 107, UCMJ, 10 U.S.C. § 907 (2000). Prior to findings, the specification under Article 107, UCMJ, was dismissed without prejudice upon the Government’s motion. The court-martial members were instructed on the offense of intent to commit rape and two lesser included offenses, indecent assault and assault consummated by battery. Gutierrez was found not guilty of assault with intent to commit rape but he was convicted of one of the two lesser included offenses, assault consummated by battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2000). Gutierrez was sentenced to two months of confinement and a bad-con-duet discharge. The sentence was subsequently approved by the convening authority.
The United States Army Court of Criminal Appeals reviewed the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866 (2000), and specified an issue as to whether the military judge erred by not instructing the panel members sua sponte on the defense of mistake of fact as it applied to the offense of assault consummated by a battery. United States v. Gutierrez, 63 M.J. 568, 569 (A.Ct.Crim.App.2006). The lower court found that Gutierrez had not affirmatively waived the defense of mistake as it applied to assault consummated by a battery and that the military judge had therefore erred in not giving the instruction. Id. at 573-74. The Court of Criminal Appeals set aside the findings and sentence and authorized a rehearing. Id. at 575. The Court of Criminal Appeals subsequently denied the Government’s motion for reconsideration. The Judge Advocate General of the Army certified the affirmative waiver issue to this court under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000).[1]
The affirmative defense of mistake of fact is a required instruction under Rule for Courts-Martial (R.C.M.) 920(e)(3). When this defense is reasonably raised by the evidence, the military judge is duty-bound to give an instruction, unless it is affirmatively waived. See United States v. Wolford, 62 M.J. 418, 422 (C.A.A.F.2006); United States v. Barnes, 39 M.J. 230, 233 (C.M.A.1994). The issue certified by the Judge Advocate General asks us to determine whether Gutierrez’s defense counsel affirmatively waived an instruction on the defense of mistake of fact as it related to the lesser included offense of assault consummated by battery. We conclude that defense counsel’s statement was an affirmative waiver and therefore reverse the decision of the Court of Criminal Appeals.

Background

The allegations underlying the charge against Gutierrez for assault with intent to commit rape involved holding the victim down and touching her breasts and vagina. At the close of the evidence, in an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), session outside the presence of the court-martial members, the military judge discussed instructions with counsel. The Government requested that the military judge instruct the members on two lesser included offenses of assault with intent to commit rape, i.e., indecent assault and assault consummated by battery. Defense counsel did not oppose the request and all remaining lesser included offenses were expressly waived.
*376 The military judge then discussed defense counsel’s request for a mistake of fact instruction for two of the three offenses: assault with the intent to commit rape and indecent assault. Following a discussion of those two requested instructions, the military judge asked the defense counsel the following question: “And there doesn’t appear to be any mistake of fact instruction with regard to battery. Are you requesting one?” Defense counsel responded: ‘Tour Honor, I simply do not want to request one for the battery.” The final instructions included a mistake of fact instruction for assault with the intent to commit rape and for indecent assault, but not for assault consummated by battery. Gutierrez was convicted of assault consummated by battery.
On review at the Court of Criminal Appeals, the lower court determined that: (1) the evidence reasonably raised the defense of mistake of fact with regard to the lesser included offense of assault consummated by battery; (2) defense counsel’s statement that he “did not want to request” the instruction was not the result of a carefully considered tactic and was insufficient to establish affirmative waiver[2]; and (3) there was a reasonable doubt as to whether Gutierrez would have been found guilty if the military judge had properly instructed the panel on how the mistake of fact defense applied to assault consummated by battery. Gutierrez, 63 M.J. at 572-75.
Before this court, the Government contends that defense counsel’s statement was an unambiguous waiver of the mistake of fact instruction for assault consummated by battery. The Government argues that although the lower court disagreed with defense counsel’s choice to waive the mistake of fact defense as to assault consummated by battery, he did so decisively, while explicitly requesting the same instruction for the other two offenses. According to the Government, defense counsel’s affirmative waiver was a tactical decision.
Gutierrez urges us to adopt the lower court’s reasoning. He argues that defense counsel was confused about the mistake of fact defense and the statement in question, “I simply do not want to request one for the battery,” was a simple acquiescence to the military judge’s assertions on the matter, not an affirmative waiver. Gutierrez contends that the entire defense theory was mistake of fact and that there is no plausible reason that defense counsel would discard this complete defense with regard to one of the lesser included offenses.

Discussion

A military judge has a sua sponte duty to give certain instructions when reasonably raised by the evidence, even though the instructions are not requested by the parties. United States v. McDonald, 57 M.J. 18, 20 (C.A.A.F.2002). The defense of mistake of fact is an affirmative defense and a “required instruction” under R.C.M. 920(e)(3). An accused does not waive his right to this instruction by failure to request it or by failure to object to its omission. United States v. Taylor, 26 M.J. 127, 128-29 (C.M.A.1988). However, even if an affirmative defense is reasonably raised by the evidence, it can be affirmatively waived by the defense. Barnes, 39 M.J. at 233 (citing United States v. Strachan, 35 M.J. 362, 364 (C.M.A.1992)).[3] This court has recognized *377 that there are no magic words to establish affirmative waiver. United States v. Smith, 50 M.J. 451, 456 (C.A.A.F.1999). In making waiver determinations, we look to the record to see if the statements signify that there was a “purposeful decision” at play. Id. We review this instructional claim de novo. Wolford, 62 M.J. at 420.
Initially, we agree with the Court of Criminal Appeals that the evidence reasonably raised the defense of mistake of fact to the offense of assault consummated by a battery. As noted by that court, “the charged offense of assault with the intent to commit rape and the lesser-included offenses of indecent assault and assault consummated by battery shared a common element; that the accused inflicted ‘bodily harm’ on [the victim].” Gutierrez, 63 M.J. at 572. The military judge found that the mistake of fact instruction was required for assault to commit rape and for indecent assault. As the same legal requirements and facts were alleged for the common element of the offenses, the defense of mistake of fact for assault consummated by battery was reasonably raised by the evidence.
During the Article 39(a), UCMJ, session, the military judge raised a possible mistake of fact instruction for assault consummated by battery and specifically asked the defense counsel: “Are you requesting one?” The question was clear and defense counsel’s response was equally as clear: “I simply do not want to request one for the battery.” The issue before us is whether, in the context of the entire record, this statement constitutes an affirmative waiver.
We have reviewed on numerous occasions whether the words and actions of counsel constitute “affirmative waiver” in the context of instructions on lesser included offenses. Like affirmative defenses, lesser included offenses are required instructions under R.C.M. 920(e) and cannot be waived simply by counsel’s failure to request such instructions. Smith, 50 M.J. at 455-56. We have previously relied on cases that address waiver in the context of lesser included offenses to inform our consideration of waiver issues that arise in the context of affirmative defenses and vice versa. See Barnes, 39 M.J. at 233 (citing Strachan, 35 M.J. at 364); Strachan, 35 M.J. at 364 (citing Taylor, 26 M.J. at 127). We do so here as well.
In United States v. Mundy, 2 C.M.A. 500, 503-04, 9 C.M.R. 130, 133-34 (1953), we concluded that counsel’s deferential statements as to the defense’s position on lesser included offense instructions constituted affirmative waiver of the instructions. These statements included: “The defense would leave it up to the law officer without submitting any specific recommendations or committing itself one way or the other” and “defense will consent to the ruling of the law officer.” 2 C.M.A. at 503, 9 C.M.R. at 133. In Smith, 50 M.J. at 456, we determined that counsel’s statement in response to the military judge’s proposed instructions, “[t]hat’s not exactly what I wanted, but it’s close,” amounted to a conscious choice to omit lesser included offenses that defense counsel previously discussed with the military judge and was therefore, affirmative waiver. In Strachan, 35 M.J. at 364, we held there was affirmative waiver when counsel withdrew his request for a lesser included offense instruction after a brief discussion of its applicability with the military judge. In United States v. Pasha, 24 M.J. 87, 91 (C.M.A.1987), we found that affirmative waiver of instructions on lesser included offenses stemmed from counsels’ expressed satisfaction and agreement with the determination of the military judge that certain lesser included offense instructions did not apply.
Comparatively, defense counsel’s statement in this case, “I simply do not want to request one for the battery,” when considered in context is as decisive, if not more decisive, than these other examples. Defense counsel was presented with the opportunity to request or decline the mistake of fact instruction as to assault consummated by *378 battery. He chose to decline it, and in doing so he affirmatively waived his right to the instruction.
Our consideration of the exchange between the military judge and the defense counsel, in the context of the whole record, leaves us with no doubt that defense counsel’s statement was a purposeful decision to forego the defense instruction as to assault consummated by battery. We hold that defense counsel affirmatively waived the instruction.

Decision

We answer the certified issue in the affirmative. The decision of the United States Army Court of Criminal Appeals is reversed. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further review pursuant to Article 66(c), UCMJ.

. The certified issue on review is:
WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT THE TRIAL DEFENSE COUNSEL DID NOT AFFIRMATIVELY WAIVE AN AFFIRMATIVE DEFENSE INSTRUCTION WITH RESPECT TO A LESSER-INCLUDED OFFENSE.
63 M.J. 469 (C.A.A.F.2006).

. The Court of Criminal Appeals found that "when viewed in context of the entire defense case, the statement was little more than an off-the-cuff acquiescence to the military judge’s erroneous assertion that the instruction on mistake of fact was not applicable to the offense of assault consummated by a battery.” Gutierrez, 63 M.J. at 574.

. In recognizing that our jurisprudence allows affirmative waiver of affirmative defenses, we are mindful that the dissent suggests that United States v. Taylor, 26 M.J. 127 (C.M.A.1988), and United States v. Steinruck, 11 M.J. 322 (C.M.A.1981), serve as precedent for the opposite conclusion. We disagree. Neither Taylor nor Stein-ruck addresses affirmative waiver. In Taylor, the court noted that a military judge has a sua sponte duty to give an affirmative defense instruction when reasonably raised by the evidence. Taylor, 26 M.J. at 128-29 (citing Steinruck, 11 M.J. at 324). The court then proceeded to decide whether failure to request the instruction constituted waiver and concluded: "the right to an instruction on reasonable mistake of fact in a rape case, when appropriately raised, is not waived by a defense failure to request such an instruction.” Id. at 129. Similarly, in Stein- *377 ruck the court held that it was error for the military judge to fail to instruct on a defense raised by the evidence where defense counsel merely failed to request the instruction. ' 11 M.J. at 324. These decisions, which stand for the proposition that passive waiver will not be recognized in this context, do not require that affirmative waiver of affirmative defenses be disallowed.