UNITED STATES, Appellant

v.

Juan R. GUTIERREZ, Private First Class
U.S. Army, Appellee

No. 08-5004

Crim. App. No. 20040596

United States Court of Appeals for the Armed Forces

Argued March 17, 2008

Decided May 27, 2008

STUCKY, J., delivered the opinion of the Court, in which ERDMANN
and RYAN, JJ., joined.  EFFRON, C.J., and BAKER, J., each filed
a separate dissenting opinion.

<u>Counsel</u>


For Appellant:  <u>Captain Trevor B. A. Nelson</u> (argued); <u>Colonel
John W. Miller II</u>, <u>Major Elizabeth G. Marotta</u>, and <u>Captain Larry
W. Downend</u> (on brief).

For Appellee:  <u>Captain Patrick B. Grant</u> (argued); <u>Colonel
Christopher J. O'Brien</u>, <u>Lieutenant Colonel Steven C. Henricks</u>,
and <u>Major Teresa L. Raymond</u> (on brief).

Military Judge:  Stephen R. Henley

<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>**.**

Judge STUCKY delivered the opinion of the Court.

The Judge Advocate General of the Army certified an issue to this Court under Article 67(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a)(2) (2000), asking whether the Army Court of Criminal Appeals erred in concluding that trial defense counsel was ineffective by waiving a mistake-of-fact instruction to an assault consummated by a battery as a lesser included offense to the charge of assault with the intent to commit rape. We hold that, even assuming trial defense counsel's performance was objectively unreasonable, Appellee was not prejudiced from the lack of a mistake-of-fact instruction.

I.

Private First Class (PFC) EM returned to her barracks room after a night drinking at a local club. She met Appellee in the hallway and he offered to help her to her room. She accepted and Appellee walked her home. PFC EM thanked Appellee as he left, then laid on her bed fully clothed. Appellee re-entered PFC EM's room, got into her bed and told her to wake up. Appellee rolled PFC EM over and tried to kiss her. Despite her protestations and attempts to move away, Appellee continued to kiss PFC EM and fondled her breasts and vagina. When PFC EM pretended to vomit Appellee backed off and left the room as PFC EM got off the bed and fled toward the bathroom.

Appellee provided a written statement to investigators admitting that he met PFC EM, that they were both intoxicated, and that he helped her to her barracks room. Appellee admitted kissing PFC EM and touching her upper body. According to Appellee, PFC EM said, "No stop," yet he "grabed [sic] her" and "touched her body" and then stopped.

At trial, Appellee was charged with assault with the intent to rape PFC EM. After hearing all the evidence, the trial counsel asked the military judge to instruct on the charged offense of assault with the intent to commit rape, as well as two lesser included offenses, indecent assault and assault consummated by a battery. The defense counsel did not oppose the request, and the military judge gave the requested instructions. The parties also agreed that it was appropriate to instruct on mistake of fact regarding the assault with the intent to commit rape and the lesser included indecent assault. In discussing the affirmative defense, the military judge said that "there doesn't appear to be any mistake of fact instruction with regard to battery" and asked the defense counsel if he wanted the instruction. The defense counsel said, "Your Honor, I simply do not want to request one for the battery."

On appeal, Appellee submitted his case to the Army Court of Criminal Appeals (ACCA) on its merits. The ACCA specified an issue asking whether the military judge erred in not sua sponte

3

instructing the members on a mistake-of-fact defense as it applied to the assault and battery lesser included offense. United States v. Gutierrez, 63 M.J. 568, 569 (A. Ct. Crim. App. 2006).  On April 27, 2006, the ACCA set aside the findings and sentence, finding that the military judge erred in not giving the affirmative defense instruction, and that trial defense counsel had not waived the instruction.  Id. at 574-75.

In response to the ACCA decision, the Judge Advocate General of the Army certified an issue to this Court asking whether the ACCA erred in finding the trial defense counsel had not affirmatively waived the mistake-of-fact instruction. United States v. Gutierrez, 64 M.J. 374, 375 (C.A.A.F. 2007). This Court reversed the ACCA decision and remanded the case to that court, holding that the trial defense counsel's declination for a mistake-of-fact instruction constituted affirmative waiver.  Id. at 378.

On further review after remand, the ACCA specified an issue asking whether trial defense counsel provided ineffective assistance by waiving the mistake-of-fact instruction as it applied to assault consummated by battery.  United States v. Gutierrez, No. ARMY 20040596, slip op. at 2 (A. Ct. Crim. App. Oct. 31, 2007).  The ACCA ordered trial defense counsel to provide an affidavit answering specific questions regarding trial tactics.  After receiving the affidavit, the ACCA held

4

that Appellee's counsel was ineffective for waiving the mistake-of-fact instruction and they again set aside the findings and sentence. Id. slip. op. at 13-14.

The Judge Advocate General of the Army has again certified an issue to this Court, asking whether the ACCA erred in concluding that trial defense counsel was ineffective for waiving the mistake-of-fact instruction.

## II.

Issues involving ineffective assistance of counsel involve mixed questions of law and fact. United States v. Paxton, 64 M.J. 484, 488 (C.A.A.F. 2007); United States v. Davis, 60 M.J. 469, 473 (C.A.A.F. 2005). This Court reviews factual findings under a clearly erroneous standard, but looks at the questions of deficient performance and prejudice de novo. Paxton, 64 M.J. at 488; Davis, 60 M.J. at 473.

This Court analyzes claims of ineffective assistance of counsel under the test outlined by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and considers (1) whether counsel's performance fell below an objective standard of reasonableness, and (2) if so, whether, but for the deficiency, the result would have been different. Paxton, 64 M.J. at 488; see United States v. Jameson, 65 M.J. 160, 163 (C.A.A.F. 2007). Appellee has the burden of demonstrating both deficient performance and prejudice. Paxton, 64 M.J. at 488.

This Court is not required to apply these tests in any particular order. United States v. Quick, 59 M.J. 383, 386 (C.A.A.F. 2004). As the Supreme Court said in Strickland, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697. In this case, we need not address whether counsel's waiver of a mistake-of-fact instruction constituted deficient performance because Appellee has not carried his burden to demonstrate prejudice.

To show prejudice under the Strickland test, Appellee must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In demonstrating this "reasonable probability," Appellee must show a "probability sufficient to undermine confidence in the outcome." Id.; see Paxton, 64 M.J. at 488. In other words, when a member challenges his conviction based on ineffective assistance of counsel, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695.

The Supreme Court has said that "[t]he governing legal standard plays a critical role in defining the question to be

asked in assessing the prejudice." Id. In this case, the ACCA applied a "harmless beyond a reasonable doubt" test to assess prejudice. Gutierrez, No. ARMY 20040596, slip op. at 13. However, the test for prejudice flowing from ineffective assistance of counsel, and the burden for proving the existence of prejudice, is substantially different from the "harmless beyond a reasonable doubt" test applied to constitutional errors. United States v. Kreutzer, 61 M.J. 293, 300 (C.A.A.F. 2005); United States v. Dominguez Benitez, 542 U.S. 74, 81-82 nn.7, 8 (2004) (recognizing a difference in who carries the burden of proof between the "reasonable probability" test for assessing prejudice in ineffective assistance of counsel cases and the "harmless beyond a reasonable doubt" test for some constitutional errors). By applying a "harmless beyond reasonable doubt" test for prejudice, the ACCA improperly shifted the burden to the Government to prove that the defense counsel's waiver did not contribute to the guilty finding. Gutierrez, No. ARMY 20040596, slip op. at 13-14.

Applying the proper test for assessing prejudice, we look at all the evidence before the factfinder to determine if Appellee has met his burden to demonstrate a "reasonable probability" that the factfinder's decision would have been different. Strickland, 466 U.S. 695-96. We hold that Appellee failed to meet that burden. The members found Appellee guilty

7

of assault consummated by a battery, which requires proof that Appellee did bodily harm to a certain person and that the bodily harm was done with unlawful force or violence.  Manual for Courts-Martial, United States pt. IV, para. 54.b.(2) (2005 ed.). Appellee confessed to grabbing the victim's arm and touching her body after she told him to stop.  PFC EM's testimony corroborated his confession.  This evidence is sufficient to convict Appellee of the assault consummated by a battery.

Even if the military judge had given a mistake-of-fact instruction as to assault consummated by a battery, it is just as likely that the members would have convicted as it is that they would have acquitted.  Thus, Appellee failed to carry his burden to show a reasonable probability that the result would have been different.  Unlike the two greater charges, evidence of the assault consummated by a battery was not based solely on PFC EM's testimony, which the members appeared to find not totally credible.  In her testimony PFC EM admitted that she was intoxicated to the point that she stumbled and tripped, and that she had lied to investigators.  She testified under a grant of immunity.  These factors could have led the members to discount her testimony and acquit of the charged offense of assault with the intent to rape and the other lesser included offense of indecent assault, especially when Appellee's statement did not admit to either offense.  The members did, however, have

8

Appellee's statement that he had "grabed [sic]" PFC EM and touched her after she said "No."

The burden is on Appellee to show a reasonable probability, one sufficient to undermine the confidence in the outcome, that but for the defense counsel's ineffectiveness in waiving the instruction, he would not been convicted. Strickland, 466 U.S. at 694. The fact that the members acquitted Appellee of the two greater offenses does not, of itself, carry that burden.

                                III.

We answer the certified question in the affirmative. The decision of the United States Army Court of Criminal Appeals is reversed. The record of trial is returned to the Judge Advocate General of the Army for remand to the court for further review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).

United States v. Gutierrez, 08-5004/AR

EFFRON, Chief Judge (dissenting):

Appellee was charged with assault with intent to commit rape. The military judge instructed the members on two lesser included offenses, indecent assault and assault consummated by a battery. Defense counsel requested that the military judge instruct the members on the defense of mistake-of-fact as to consent with respect to the primary charge, as well as to the lesser included offense of indecent assault. Defense counsel waived the mistake-of-fact instruction with respect to the offense of assault consummated by a battery. United States v. Gutierrez, 64 M.J. 374, 375-76 (C.A.A.F. 2007). The members found Appellee not guilty of assault with intent to commit rape. They found Appellee guilty of one of the two lesser included offenses, assault consummated by a battery.

The United States Army Court of Criminal Appeals concluded that the actions of defense counsel, in waiving the mistake-of-fact defense instruction with respect to the offense of assault consummated by a battery, deprived Appellee of his constitutional right to the effective assistance of counsel. United States v. Gutierrez, No. ARMY 20040596, slip op. at 13-14 (A. Ct. Crim. App. Oct. 31, 2007). The question before us is whether the error was prejudicial.

The two lesser included offenses at issue shared the common elements of infliction of bodily harm with unlawful force or

violence by "touching [PFC EM's] breasts and vagina with his hands." For these common elements, the military judge provided the same instructions for both of the lesser included offenses. Each offense also involved the issue of whether Appellee mistakenly believed that PFC EM consented to the touching at issue. Mistake-of-fact would have been a complete defense to each offense. See Gutierrez, 64 M.J. at 377. As noted by the court below, the record does not establish that defense counsel had a reasonable strategic basis for waiving the mistake-of-fact instruction for only one of the lesser included offenses: assault consummated by a battery. Gutierrez, No. ARMY 20040596, slip op. at 10-13.

The majority concludes that any error was not prejudicial, relying on admissions in a pretrial statement made by Appellee. United States v. Gutierrez, ___ M.J. ___ (8-9) (C.A.A.F. 2008). I respectfully disagree. The admissions in the pretrial statement applied to all of the offenses, not just the offense of which Appellee was found guilty -- assault consummated by a battery. The only offense of which Appellee was found guilty was the offense for which the members did not receive a mistake-of-fact instruction. In that context, the court below correctly concluded that Appellee demonstrated a reasonable probability that the result of his court-martial would have been different absent counsel's inappropriate waiver.

2

United States v. Gutierrez, No. 08-5004/AR

   BAKER, Judge (dissenting):

   I would decide this case on the basis of my separate opinion in United States v. Gutierrez, 64 M.J. 374, 378 (C.A.A.F. 2007) (Baker, J., dissenting).  As a result, I would affirm the decision of the United States Army Court of Criminal Appeals, and therefore respectfully dissent.