UNITED STATES ARMY COURT OF CRIMINAL APPEALS
 
 Before
 GALLUP, TOZZI, and HAM 
 Appellate Military Judges
 
 UNITED STATES, Appellee
 v.
 Private First Class JUAN R. GUTIERREZ
 United States Army, Appellant
 
 ARMY 20040596
 
 V Corps
 Stephen R. Henley, Military Judge
 Lieutenant Colonel Richard C. Gross, Acting Staff Judge Advocate (trial)
 Colonel Michele M. Miller, Staff Judge Advocate (post-trial)
 
 
For Appellant: Lieutenant Colonel Steven Henricks, JA; Major Fansu Ku, JA; Captain Patrick B. Grant, JA (on brief); Colonel Christopher J. O'Brien, JA; Lieutenant Colonel Steven Henricks, JA; Major Teresa L. Raymond, JA; Captain Patrick B. Grant, JA (on response brief). 
For Appellee: Colonel John W. Miller, JA; Lieutenant Colonel Virginia G. Beakes-Read, JA; Captain Larry W. Downend, JA; Captain Trevor B.A. Nelson, JA (on brief). 
 24 March 2009
 
 -----------------------------------------------------------------
 SUMMARY DISPOSITION ON FURTHER REVIEW
 -----------------------------------------------------------------

Per Curiam:
A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge and confinement for two months. 

On 28 February 2005, appellate defense counsel submitted the case on its merits. On 5 May 2005, we specified the following issue:

WHETHER THE MILITARY JUDGE ERRED IN FAILING TO SUA SPONTE INSTRUCT THE PANEL MEMBERS ON THE DEFENSE OF MISTAKE OF FACT AS IT APPLIED TO THE OFFENSE OF ASSAULT CONSUMMATED BY A BATTERY. 

On 27 April 2006, this court set aside the findings of guilty and the sentence and authorized a rehearing. As a military judge has a sua sponte duty to instruct panel members on affirmative defenses reasonably raised by the evidence, United States v. McDonald, 57 M.J. 18, 20 (C.A.A.F. 2002), we found that the military judge erred in failing sua sponte to give an instruction on the affirmative defense of mistake of fact as to consent for the lesser-included offense of assault consummated by a battery. United States v. Gutierrez, 63 M.J. 568 (Army Ct. Crim. App. 2006). We further found that, when viewed in context of the defense strategy that focused on the issue of consent and mistake of fact, defense counsel's statement, "Your Honor, I simply do not want to request [a mistake of fact instruction] for the battery" was not a result of a purposeful and conscious decision, and, therefore, did not constitute an affirmative waiver of the mistake of fact instruction. Id. at 574.

Following our initial decision, the Judge Advocate General of the Army certified the affirmative waiver issue to the Court of Appeals for the Armed Forces (CAAF) pursuant to Article 67(a)(2), UCMJ. On 20 February 2007, the CAAF addressed whether this court erred in holding that the trial defense counsel did not affirmatively waive an affirmative defense instruction with respect to the lesser included offense. United States v. Gutierrez, 64 M.J. 374 (C.A.A.F. 2007). Ultimately, the CAAF reversed our decision and remanded the case to this court for further consideration. Id. at 378. Contrary to our decision, the CAAF concluded that defense counsel's statement constituted an affirmative waiver of the mistake of fact instruction. The CAAF further elaborated: "Our consideration of the exchange between the military judge and the defense counsel, in the context of the whole record, leaves us with no doubt that defense counsel's statement was a purposeful decision to forego the defense instruction as to assault consummated by battery." Id. at 378. 

On remand, in an order dated 26 March 2007, we specified the following issue:

WHETHER TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN NOT REQUESTING THE MILITARY JUDGE TO INSTRUCT THE PANEL MEMBERS ON THE DEFENSE OF MISTAKE OF FACT AS IT APPLIED TO THE OFFENSE OF ASSAULT CONSUMMATED BY A BATTERY. 

 On 31 October 2007, after we again considered the record of trial, appellant's brief on the specified issue, the government's reply thereto, and appellant's brief in response, we found no tactical reason to support a waiver of the mistake of fact instruction on the lesser-included offense of assault consummated by a battery. United States v. Gutierrez, ARMY 20040596, slip op. at 14 (Army Ct. Crim. App. 31 Oct. 2007) (unpub.). As a result, we set aside the findings and sentence, and authorized a rehearing. Id. 
 Subsequently, the Judge Advocate General of the Army certified an issue to CAAF under Article 67(a)(2), UCMJ asking "whether [this court] erred in concluding that the trial defense counsel was ineffective by waiving a mistake-of-fact instruction to an assault consummated by a battery as a lesser included offense to the charge of assault with the intent to commit rape." United States v. Gutierrez, 66 M.J. 329 (C.A.A.F. 2008). On 27 May 2008, the CAAF reversed our decision and held that "even assuming trial defense counsel's performance was objectively unreasonable, [a]ppellant was not prejudiced from the lack of a mistake-of-fact instruction." Id. The court remanded the case to this court for further review pursuant to Article 66(c), UCMJ. Id. at 332. Following the second remand, we provided appellant an opportunity to submit further pleadings to raise any additional issues. Appellant elected not to do so and again submitted the case on its merits.
 We have once again reviewed this case pursuant to Article 66(c), UCMJ. On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

 FOR THE COURT:
MALCOLM H. SQUIRES, JR.
 Clerk of Court