CORRECTED COPY
 
 UNITED STATES ARMY COURT OF CRIMINAL APPEALS
 
 Before
 TOZZI, HAM, and JOHNSON
 Appellate Military Judges
 
 UNITED STATES, Appellee
 v.
 Private First Class FERMIN NUNEZ
 United States Army, Appellant
 
 ARMY 20061021
 
 Headquarters, 7th Army Joint Multinational Training Command
 Michael J. Nelson, Military Judge
 Lieutenant Colonel Michael E. Mulligan, Staff Judge Advocate
 
For Appellant: Captain Candace N. White Halverson, JA; William E. Cassara, Esquire (on brief).
For Appellee: Lieutenant Colonel Mark H. Sydenham, JA; Major Lisa L. Gumbs, JA; Captain Michael G. Pond, JA (on brief).
 27 March 2009
 
 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------
Per Curiam:
A panel composed of officer members sitting as a special court-martial convicted appellant, contrary to his pleas, of absence without leave (AWOL) (two specifications), disobeying a superior commissioned officer, and insubordination toward a superior noncommissioned officer (three specifications) in violation of Articles 86, 90, and 91 of the Uniform Code of Military Justice, 10 U.S.C. § 886, 890, 891 [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for twelve months, forfeiture of $849.00 pay per month for twelve months, and reduction to Private E1. The convening authority approved only 11 months confinement and forfeiture of $849.00 pay per month for eleven months, but otherwise approved the sentence as adjudged. This case is before the court for review under Article 66, UCMJ. 
 Appellant alleges, inter alia, that the military judge committed plain error by not instructing the panel on the defense of mistake of fact with respect to Specification 2 of Charge I, alleging an AWOL from 10 March 2006 until 13 March 2006. We agree and will grant relief in our decretal paragraph.
 Whether a military judge properly instructed a panel is a question of law this Court reviews de novo. United States v. Hibbard, 58 M.J. 71, 75 (C.A.A.F. 2003) (citing United States v. McDonald, 57 M.J. 18, 20 (C.A.A.F. 2002)). "If there is `some evidence' of a possible defense - it does not have to be compelling or convincing beyond a reasonable doubt - the military judge is duty bound to give an instruction even if the instruction was not requested by the parties." United States v. Wolford, 62 M.J. 418, 422 (C.A.A.F. 2006) (citations omitted). "The affirmative defense of mistake of fact is a required instruction. . . . When this defense is reasonably raised by the evidence, the military judge is duty-bound to give an instruction, unless it is affirmatively waived." United States v. Gutierrez, 64 M.J. 374, 375 (C.A.A.F. 2007). Put simply, if the evidence raises the defense of mistake of fact, the instruction is required. See Rules for Courts-Martial (R.C.M.), 920(e)(3) and 916(j)(1), Manual for Courts-Martial, 2005 [hereinafter MCM]. Defense counsel's silence in this case does not constitute such an affirmative waiver. See United States v. Davis, 53 M.J. 202 (C.A.A.F. 2000) (absence of defense request for instruction or objection to instructions given did not constitute affirmative waiver of instruction on affirmative defenses). In general intent crimes, "the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances." See R.C.M. 916(j)(l).
 In this case, appellant's company commander, Captain Stacy Pennington, testified that she "determined that clear guidance was not given to [appellant] as to the end date of his convalescent leave." Captain Pennington documented her conclusion in a memorandum for record. This testimony was "some evidence" that appellant had a reasonable mistake about the date his convalescent leave ended and, therefore, raises a potential defense to Specification 2 of Charge I.* Consequently, the military judge was obliged to instruct the members on a mistake of fact defense and his failure to do so was error.
The finding of error, however, does not end our analysis; we must also determine if the error was harmless. "Once it is determined that a specific instruction is required but not given, the test for determining whether this constitutional error was harmless is whether it appears `beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" United States v. DiPaola, 67 M.J. 98, 102 (C.A.A.F. 2008) (quoting Chapman v. California, 386 U.S. 18, 24 (1967)). Stated differently, the test is: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" Id. (quoting Neder v. United States, 527 U.S. 1, 18, (1999)).

Given the evidence presented at trial, we cannot say that the military judge's error was harmless beyond a reasonable doubt. Had a mistake of fact instruction been given as required, we cannot rule out the possibility that the panel might have acquitted appellant of AWOL.

* Corrected
Specification 2 of Charge I is dismissed.** We have considered the other assertions of error and the matters personally asserted pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit. Accordingly, the remaining findings are affirmed. On consideration of the entire record, we affirm only so much of the sentence as provides a bad-conduct discharge, confinement for ten months, forfeiture of $849.00 pay per month for ten months, and reduction to E1. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his approved sentence set aside by this decision are ordered resorted. See Articles 58b(c) and 75(a), UCMJ. 
 FOR THE COURT:
MALCOLM H. SQUIRES, JR.
 Clerk of Court 

** Corrected