# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MICHAEL S. MILAY**
**United States Army, Appellant**

ARMY 20100621

Headquarters, I Corps
Kwasi Hawks, Military Judge
Colonel Mitchell R. Chitwood, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Captain Stephen E. Latino, JA (on brief).

17 September 2012

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MARTIN, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of failure to obey a lawful general regulation, false official statement (two specifications), and one specification of aggravated sexual assault, in violation of Articles 92, 107, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 992, 907, 920 (2006 & Supp. II 2008) [hereinafter UCMJ].  Appellant was also convicted, contrary to his plea, of wrongful sexual contact as a lesser included offense of aggravated sexual assault, in violation of Article 120(m), UCMJ. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E-1.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ.  Appellant raises two assignments of error, both of which allege instructional

defects related to the two Article 120, UCMJ, offenses of which he was convicted. First, appellant claims that the military judge erred by not instructing the panel on the affirmative defenses of consent and mistake of fact as to consent. This assignment of error is without merit as those defenses were not raised by the evidence. Second, appellant argues that the military judge's instruction on the lesser included offense of wrongful sexual contact was erroneous. As to this claim, we agree with appellant and will take action in our decretal paragraph.

## BACKGROUND

On Saturday, 29 August 2009, appellant and Private First Class (PFC) JH decided to "hang out" and drink alcohol together. After purchasing alcohol, appellant and PFC JH, who was only nineteen years old, went to appellant's barracks room where they drank, played music, danced, and watched a movie. After a few hours, PFC JH, who was tired and intoxicated, fell asleep on appellant's roommate's bed. Appellant's roommate was absent.

On Monday, 31 August 2009, PFC JH's roommate told her that there were rumors that PFC JH may have been a victim of a "train" over the weekend and that the appellant was bragging that he had sex with her. Private First Class JH also felt soreness in her vaginal area, and reported to her supervisor and victim advocate on Tuesday morning. At that point, she received a medical examination from a sexual assault nurse examiner (SANE). The SANE found semen in PFC JH's vagina which later tested positive for appellant's DNA.

Appellant was later questioned by agents from U.S. Army Criminal Investigation Command (CID) and made two written statements about his actions with PFC JH. In appellant's first statement, he claimed that PFC JH held his neck and shoulders, and that they danced close together: "not hard core, but kind of playing dancing." He stated that he touched the small of her back while dancing. According to his statement, appellant then tried to pull her pants down, PFC JH slapped his hand away, and he then went to his bed and fell asleep. In appellant's second sworn statement, appellant added that he put his hand on PFC JH's butt, touched her breast, and was "grinding with her" while they danced. He also stated that while dancing, PFC JH touched his back, neck, and shoulders. He further stated that they played around while dancing and fell together onto the bed. As they lay together on the bed in a "spooning" position, appellant stated that they talked for about ten minutes. According to appellant, he then reached down PFC JH's pants and digitally penetrated her. Appellant admitted that PFC JH was asleep when he digitally penetrated her and that, when he put his finger inside of her, PFC JH said, "Stop," and pushed his hand away. Furthermore, he admitted that he knew he was wrong because he knew that when he touched her, she was asleep.

At appellant's court-martial, Private First Class JH's testimony matched appellant's written statements in many regards. She testified that they agreed to hang out in his room, that they drank, listened to music, and watched a movie. While she never testified that they danced together, she did state that after falling asleep, she awoke when appellant was lying behind her on the bed in a spooning position, with both of them lying on their left sides. Private First Class JH testified that when appellant tried to pull down her shorts and her underwear, she slapped his hand away and said, "No," before passing out and going back to sleep. She testified that when he pulled her pants down, she felt his genitals against her skin. Also, JH testified that she had no recollection of digital penetration or sexual intercourse with appellant.

## LAW AND DISCUSION

*The Issue of Affirmative Defense Instructions*

Appellant claims the panel should have been instructed on the affirmative defenses of consent and mistake of fact as to consent as to both Article 120, UCMJ offenses. "Whether a panel was properly instructed is a question of law reviewed de novo." *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008). The issue of consent and mistake of fact as to consent are affirmative defenses found in Article 120(r), UCMJ, and Rule for Courts-Martial [hereinafter R.C.M.] 916(j). "A military judge is required to instruct members on any affirmative defense that is 'in issue,' and a matter is considered 'in issue' when 'some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they chose.'" *United States v. Stanley*, 71 M.J. 60, 61 (C.A.A.F. 2012) (quoting *United States v. Lewis*, 65 M.J. 85, 87 (C.A.A.F. 2007)). We hold that the military judge did not err by excluding instructions on consent and mistake of fact as to consent in his instructions to the panel because those defenses were not "in issue."

Initially, we note that the defense, after reviewing the military judge's proposed instructions and discussing them with the military judge on the record, did not object to the exclusion of instructions on consent or mistake of fact. Mandatory instructions, including those on affirmative defenses, can be waived, but the passive failure to request an instruction or the failure to object to its omission does not, by itself, equate to an affirmative waiver. *United States v. Gutierrez*, 64 M.J. 374, 376 (C.A.A.F. 2007). In this case, the record does not reflect a purposeful decision to relinquish the opportunity to submit these defenses to the panel. *Id.* at 377 (noting that "[i]n making waiver determinations, we look to the record to see if the statements signify that there was a 'purposeful decision' at play" (quoting *United States v. Smith*, 50 M.J. 451, 456 (C.A.A.F. 1999))).

While the instructions were not waived, they were not reasonably raised and thereby not "in issue" under the facts of appellant's case. Appellant argues that drinking, watching a movie, and dancing together alone in the privacy of appellant's barracks room is some evidence of consent or at least mistake of fact as to consent to the sexual acts. However, the uncontradicted evidence introduced was that PFC JH resisted and rejected appellant's advances, clearly indicating that she was not interested in sexual activity when she slapped his hand and said "no," or "stop." Furthermore, by all accounts, PFC JH was asleep when appellant initiated the sexual advances. Looking at the evidence in the light most favorable to appellant, no rational member could have found that PFC JH consented to the sexual activity or that appellant mistakenly held an honest and reasonable belief as to her consent. Accordingly, the military judge did not err by excluding instructions on the affirmative defenses of consent and mistake of fact as to consent.

*The Lesser Included Offense Instruction*

After receiving instructions on the lesser included offense from the military judge, the panel found appellant not guilty of one specification of aggravated sexual assault by digital penetration, but guilty of the lesser included offense of wrongful sexual contact.[*] Appellant argues that wrongful sexual contact in violation of Article 120(m), UCMJ, is not a lesser included offense of aggravated sexual assault in violation of Article 120(c), UCMJ, and the military judge erred by instructing to the contrary. Although we do not agree with appellant's sweeping proposition that wrongful sexual contact can never be a lesser included offense of aggravated sexual assault, we hold that, under the facts of this case, the military judge incorrectly instructed on the lesser included offense of wrongful sexual contact.

"Whether an offense is a lesser included offense is a question of law we review de novo." *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011) (quoting *United States v. Miller*, 67 M.J. 385, 387 (C.A.A.F. 2009)). As appellant did not object to the lesser included offense instruction at trial, we review his claim for plain error. *Id.* "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice." *Id.*

---

[*] Appellant was charged with two specifications of aggravated sexual assault. One specification alleged appellant committed aggravated sexual assault by penetrating PFC JH's vagina with his penis; appellant was convicted of this specification. The other specification alleged appellant committed aggravated sexual assault by penetrating PFC JH's vagina with his finger. It is this latter specification that is at issue here, as appellant was found not guilty of the greater offense, but guilty of the lesser included offense of wrongful sexual contact.

"The Constitution requires that an accused be on notice as to the offense that must be defended against, and that only lesser included offenses that meet these notice requirements may be affirmed by an appellate court." *Miller*, 67 M.J. at 388. "Article 79, UCMJ . . . is consonant with these constitutional principles, and applies at both the trial and appellate levels." *Id*. Article 79, UCMJ, defines a lesser included offense as an offense that is "necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein." We apply the elements test to determine if one offense is necessarily included in another. *United States v. Jones¸* 68 M.J. 465, 468 (C.A.A.F. 2010). "Under the elements test, one compares the elements of each offense. If all the elements of [wrongful sexual contact] are also elements of [aggravated sexual assault], then [wrongful sexual contact] is an LIO of [aggravated sexual assault]." *Id.* at 470. In making this comparison, "[t]he elements test does not require that the two offenses at issue employ identical statutory language. Instead, the meaning of the offenses is ascertained by applying the 'normal principles of statutory construction.'" *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010) (quoting *Carter v. United States*, 530 U.S. 255, 263 (2000)).

As charged in this case, the offense of aggravated sexual assault has two elements: (1) engaging in a sexual act with another; and (2) doing so when that person is substantially incapacitated or substantially incapable of appraising the nature of the sexual act, declining participation in the sexual act, or communicating unwillingness to engage in the sexual act. *See* UCMJ art. 120(c)(2). As instructed by the military judge, the offense of wrongful sexual contact has three elements: (1) engaging in a sexual contact with another; (2) doing so without the person's permission; and (3) doing so without legal justification or lawful authorization. *See* UCMJ art. 120(m). "Sexual act" is defined as, *inter alia*, "the penetration of the genital opening of another by a hand or finger." UCMJ art. 120(t)(1)(B). "Sexual contact" is defined as, *inter alia*, "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of another person." UCMJ art. 120(t)(2).

In this case, the charged greater offense alleged that appellant engaged in a sexual act by penetrating PFC JH's vagina with his finger. This allegation of digital penetration was correctly instructed to the panel as the act underlying the greater offense of aggravated sexual assault. However, the military judge's instructions to the panel further provided that appellant could be convicted of the lesser included offense of wrongful sexual contact by touching the inner thigh of PFC JH with his hand or by touching PFC JH with his penis. In order to give the instruction on the lesser included offense that was fairly supported by the evidence, the military judge had to substantially modify the types of acts appellant was alleged to have committed. While the elements test is the framework by which we must examine the use of lesser included offenses, it is important to note that the test is only a means to

the end of protecting the constitutional due process imperative of notice. Indeed, "[t]he due process principle of fair notice mandates that 'an accused has a right to know what offense and under what legal theory' he will be convicted . . . ." *United States v. Jones*, 68 M.J. 465, 468 (C.A.A.F. 2010) (*citing United States v. Medina*, 66 M.J. 21, 26–27 (C.A.A.F. 2008)). In this case, the military judge, in adapting the charge to meet the evidence presented at trial, violated the notice requirement.

We therefore hold that under the unique facts and circumstances of this case, the military judge plainly erred, and materially prejudiced appellant's substantial rights, by instructing the panel members that they could find appellant guilty of the lesser included offense of wrongful sexual contact. The elements of aggravated sexual assault *as charged*, and the elements of wrongful sexual contact, *as instructed*, are substantially different and *change the nature or identity of the offense*. Therefore, in applying the elements test in this case, we find that the elements of the wrongful sexual contact offense are not a subset of the greater offense of aggravated sexual assault.

## CONCLUSION

Accordingly, the findings of guilty of the Specification of Charge I, and Charge I, are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

6