# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## MATTHEW T. ENGLER
## LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201300365
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 20 May 2013.
**Military Judge:** CDR Marcus N. Fulton, JAGC, USN.
**Convening Authority:** Commanding General, 3d Marine
Logistics Group, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** LtCol P.D. Sanchez,
USMC.
**For Appellant:** Capt David Peters, USMC.
**For Appellee:** Maj Paul Ervasti, USMC; CDR Keith B. Lofland,
JAGC, USN.


**31 July 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial,
convicted the appellant, pursuant to his pleas, of one
specification of unauthorized absence, two specifications of
violating a lawful general order, two specifications of wrongful
drug use, one specification of drug possession, and forty-three
specifications of larceny, in violation of Articles 86, 92,

112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, and 921.  The military judge sentenced the appellant to confinement for 102 months, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged and, except for that part of the sentence extending to a dishonorable discharge, ordered it executed.  Pursuant to a pretrial agreement, the CA suspended all confinement in excess of 5 years.

The appellant's assignment of error is two-fold: (1) That civilian defense counsel's (CDC's) failure to submit clemency matters in a timely manner denied the appellant his Sixth Amendment right to effective assistance of counsel and Fifth Amendment right to due process of law during post-trial processing; and (2) that the CA's issuance of a supplemental action after appellate review had commenced demonstrated a disregard for the law and should preclude the CA from acting on the matter if a new action is directed.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

**Background**

At the conclusion of his court-martial, the appellant designated his CDC to receive both his copy of the record of trial and staff judge advocate's recommendation (SJAR).  In the 23 August 2013 SJAR, the CA's staff judge advocate (SJA) noted that no post-trial matters had been received from the appellant, despite the SJA twice contacting the CDC to remind him of his client's right to submit such matters.  No RULE FOR COURTS-MARTIAL 1105, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) matters or R.C.M. 1106(f)(4) comments were received before the CA took action on the case on 4 September 2013.

2

Civilian defense counsel ultimately submitted clemency matters on 30 October 2013.[1]  By this time, the appellant's case had been docketed with this court for more than a month.  Despite this, the CA issued Supplemental General Court-Martial Order No. 6-2013 on 16 November 2013, in which he stated that he considered the additional matters but denied clemency.  On 19 December 2013, this court granted appellate defense counsel's motion to append this supplemental order to the record of trial.

## Ineffective Assistance of Counsel

Where ineffective assistance of counsel is claimed, "questions of deficient performance and prejudice" are reviewed *de novo*.  *United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. 2008) (citation omitted).  This court analyzes such claims using the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984):  (1) Whether counsel's performance fell below an objective standard of reasonableness, and (2) if so, whether, but for the deficiency, the result would have been different.  *United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007).

Counsel is presumed to have performed in a competent, professional manner.  To overcome this presumption, an appellant must show specific defects in counsel's performance that were "'unreasonable under prevailing professional norms.'"  *United States v. Quick*, 59 M. J. 383, 386 (C.A.A.F. 2004) (quoting *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001)).  The present record contains no explanation for CDC's failure to submit post-trial matters in a timely manner, leaving this Court to wonder what could justify the CDC's two-month delay.  However, "'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"  *United States v. Datavs*, 71 M.J. 420, 424-25 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 697).  Accordingly, we turn first to the issue of prejudice.

---

[1] This submission is not attached to the record of trial and neither party filed a Motion to Attach the document.  The only mention of the 30 October 2013 clemency request is contained in Supplemental General Court-Martial Order No. 6-2013 signed by the CA on 16 November 2013.

"[I]f counsel who has the legal responsibility to protect the accused's post-trial interests is present . . . any error that occurs in connection with that counsel's performance . . . appropriately can be tested for prejudice." *United States v. Hickok*, 45 M.J. 142, 145 (C.A.A.F. 1996) (citations omitted). Had CDC submitted no clemency request at all, this court would be left to speculate whether any R.C.M. 1105 matters would have persuaded the CA to grant clemency.

In the present case, however, we need not speculate; indeed, we conclusively know that the CA, *after considering all materials provided by the CDC,* would have declined to grant relief in clemency. While the 16 November 2013 action is a legal nullity, in that R.C.M. 1107(f)(2) precludes further action by the CA once a case is forwarded for review, this does not mean that the document is wholly without value. This purported second action, denying relief, strongly indicates what the CA would have done had the CDC submitted post-trial matters in a timely manner.

It is the appellant's burden to prove that, but for the alleged deficiency in the CDC's delinquent clemency submission, the results in his case would have been different. Given the evidence provided by the second CA's action, the appellant has not met this burden.

### Precluding the CA from Further Action

Since the court is not ordering a new CA's Action, this assignment of error is moot.

### Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

4