# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

————————————

### No. 201700047

————————————

### UNITED STATES OF AMERICA
Appellee

v.

### JOSHUA T. CHILDRESS
Private (E-1), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Keith A. Parrella, USMC.
Convening Authority: Commanding Officer, 2d Battalion, 10th
Marine Regiment, 2d Marine Division, Camp Lejeune, NC.
Staff Judge Advocate's Recommendations: Major Winston G.
McMillan, USMC.
For Appellant: Lieutenant Commander Derek C. Hampton, JAGC,
USN.
For Appellee: Captain Brian L. Farrell, USMC; Lieutenant James
M. Belforti, JAGC, USN.

————————————

Decided 31 July 2017

————————————

Before CAMPBELL, FULTON, and HUTCHISON, *Appellate Military
Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

————————————

**PER CURIAM**:

At an uncontested special court-martial, a military judge convicted the
appellant of willful disobedience of a superior commissioned officer, wrongful
use of a controlled substance, wrongful introduction of a controlled substance,

and malingering, violations of Articles 90, 112a, and 115, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 912a, and 915. The convening authority (CA) approved the adjudged sentence of 60 days' confinement and a bad-conduct discharge.[1]

In his sole assignment of error, the appellant contends he received ineffective assistance of counsel when his detailed defense counsel requested post-trial relief outside the authority of the CA to grant. We find no prejudice and affirm.

## I. BACKGROUND

From 24 June to 10 August 2016, the appellant committed the misconduct for which he was eventually convicted: (1) bringing Psilocybin—a form of psychedelic mushroom—onto Marine Corps Base Camp Lejeune and then ingesting them at his residence; (2) violating a military protective order from his commanding officer by calling his wife; and (3) intentionally overdosing on an over-the-counter dietary supplement to avoid an upcoming field exercise.

On 10 January 2017, the staff judge advocate (SJA) correctly advised the CA that, "[b]ecause the adjudged sentence includes a Bad-Conduct Discharge, except as provided in the pretrial agreement, you may not disapprove, commute or suspend the sentence of the Bad-Conduct Discharge."[2] Despite this explanation, the trial defense counsel (TDC) then submitted a post-trial clemency request pursuant to RULES FOR COURTS-MARTIAL 1105 and 1106, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), that asked the CA to disapprove the bad-conduct discharge and, instead, to separate the appellant administratively.[3] After receiving the TDC's clemency request, the SJA submitted an addendum to the CA, again recommending approval of the sentence adjudged.

## II. DISCUSSION

The National Defense Authorization Act for Fiscal Year 2014 (FY14 NDAA), Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Article 60, UCMJ, limiting the CA's ability to reduce sentences in cases involving most offenses committed on or after 24 June 2014. As a result of these changes, the CA could not grant TDC's requested relief of disapproval of the adjudged bad-

---

[1] Pursuant to a pretrial agreement, the CA suspended confinement in excess of 45 days.

[2] Staff Judge Advocate's Recommendation (SJAR) of 10 Jan 2017 at 2.

[3] Trial Defense Counsel Letter of 16 Jan 2017.

conduct discharge. *See United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (holding such an action by the CA to be *ultra vires*).

"By virtue of Article 27, UCMJ, 10 U.S.C. § 827, as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel." *United States v. Scott*, 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). That right extends to post-trial proceedings. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). In reviewing claims of ineffective assistance of counsel, we "'look[] at the questions of deficient performance and prejudice *de novo*.'" *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Gutierrez*, 66 M.J. 329, 330-331 (C.A.A.F. 2008)). However, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Thus, the appellant bears the burden of demonstrating (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense to an extent that deprived the appellant of a fair trial. *Id.* (citations and internal quotation marks omitted).

However, "[w]hen reviewing ineffectiveness claims, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Datavs,* 71 M.J. 424. In evaluating post-trial ineffective assistance of counsel for prejudice, we give the appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

We find that the appellant has not made a colorable showing of possible prejudice. Despite arguing his TDC erred in leading him "to believe that he had the opportunity to receive clemency," the appellant conceded that, "he stood no chance to receive clemency whatsoever."[4] Consequently, the appellant cannot adequately describe what the CA "might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005). Indeed, at the time of the CA's action, the appellant had already served the adjudged confinement. Consequently, the only relief available to the appellant would have been retroactive action on either confinement or the deferment of the automatic forfeiture of two-thirds pay per month pursuant to Article 58b, UCMJ, during that previously served

---

[4] Appellant's Brief of 29 Mar 2017 at 6.

confinement period. But the appellant has provided no evidence to suggest that he desired any such relief. Instead, the appellant asserts, as prejudice, that the request for unauthorized clemency undermined the TDC's credibility; and that this court should, therefore, grant him the only meaningful relief remaining—disapproval of the punitive discharge. Without any colorable showing of possible prejudice, however, this relief amounts to clemency, which is not the province of this court. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

## III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.


For the Court


R.H. TROIDL
Clerk of Court