# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**DOMINIQUE C. YORK**
**CULINARY SPECIALIST SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201300287**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 26 April 2013.
**Military Judge**: CDR Douglas Barber, Jr., JAGC, USN.
**Convening Authority**: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation**: LCDR S.J. Gawronski, JAGC, USN.
**For Appellant**: CAPT Ross L. Leuning, JAGC, USN.
**For Appellee**: LT Ian MacLean, JAGC, USN.

**28 February 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to her pleas, of one specification of false official statement and one specification of larceny of military property, in violation of Articles 107, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921. The military judge sentenced the appellant to two months' confinement, a fine of $5,000.00, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged,

and except for the bad-conduct discharge, ordered the sentence executed.

The appellant raises two assignments of error. First, she accurately notes that the court-martial promulgating order contains a number of errors that warrant corrective action. Because service members are entitled to records that correctly reflect the results of court-martial proceedings, the necessary corrections shall be reflected in the supplemental court-martial order.

Second, the appellant claims that her trial defense counsel "failed in their obligation to effectively assist in [her] defense" by failing to challenge the legal sufficiency of the appellant's Article 31(b), UCMJ, rights waiver when she provided a sworn statement to the Naval Criminal Investigative Service (NCIS).[1] The appellant asserts that the NCIS agent's failure to read the Article 31(b) rights and Miranda advisory aloud to her denied her a complete understanding of what rights she was waiving before she made her statement.[2] We disagree. After careful consideration of the record, the appellant's claims, and the briefs of the parties, we conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## Background

On 16 August 2009, the appellant entered into a fraudulent marriage for the sole purpose of receiving Basic Allowance for Housing (BAH) at the "with-dependent" rate. After submitting her marriage certificate to the personnel department on the USS ENTERPRISE, the appellant began receiving BAH at the with-dependent rate. In September of 2010, the appellant was interviewed by an NCIS special agent about her marriage, during which she lied about the validity of the marriage. She continued to receive BAH at the "with-dependent" rate until 1 May 2011. In a second interview with NCIS in May of 2012, the appellant admitted the marriage was fraudulent.

## Errors in the Court-Martial Order

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982).

[2] Prosecution Exhibit 2, Military Suspect's Acknowledgment and Waiver of Rights Statement, contains the appellant's initials on each right explained, as well as her signature at the bottom of the advisement.

The appellant asserts that the court-martial order contains substantial errors that require correction.  After reviewing the record, we note the following scriveners' errors that require correction:

    1.  The appellant was tried before a special court-martial, not a general court-martial;

    2.  The appellant pled not guilty to Charge I and its specification and that offense was withdrawn prior to the announcement of findings;

    3.  The appellant pled not guilty to  Specification 1 under Charge II and that offense was withdrawn prior to the announcement of findings;

    4.  The appellant pled guilty to the specification under Charge III except for the figure $31,701.06 and substituting therefor the figure $15,621.50, and was found guilty in accordance with this plea, with the excepted figure withdrawn prior to the announcement of findings.

The appellant does not assert, and we do not find, that these errors materially prejudiced a substantial right.  Nevertheless, the appellant is entitled to have her official records accurately reflect the results of her court-martial.  *United States v. Crumpley*, 49 M.J. 538 (N.M.Ct.Crim.App. 1998).

### Claim of Ineffective Assistance of Counsel

    The appellant also claims that her trial defense counsel was ineffective because counsel failed to challenge her first sworn statement obtained by NCIS, notwithstanding the fact that she admits that she acknowledged an understanding of her rights by initialing the respective blocks of the Military Suspect's Acknowledgment and Waiver of Rights (Rights Waiver and Acknowledgment).  PE 2; Record at 34-35.

    In reviewing for ineffectiveness, the court "looks at the questions of deficient performance and prejudice *de novo*." *United States* v. *Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. 2008) (citation omitted).

    A military accused is entitled under the Constitution and Article 27(b), UCMJ, 10 U.S.C. § 827(b), to the effective

3

assistance of counsel.  *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007).  We analyze the appellant's claim of ineffective assistance of counsel under the test outlined by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice."  *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687) (additional citation omitted).[3]

When determining the sufficiency of counsel's performance under the first prong of *Strickland*, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Furthermore, the burden of establishing the truth of factual matters relevant to the claim of ineffective assistance rests with the accused.  *Tippit*, 65 M.J. at 76.  If there is a factual dispute on a matter pertinent to the claim, the determination as to whether further fact-finding will be ordered is resolved under *United States v. Ginn,* 47 M.J. 236 (C.A.A.F. 1997).  "If, however, the facts alleged by the defense would not result in relief under the high standard set by *Strickland*, we may address the claim without the necessity of resolving the factual dispute."  *Id.* (citing *Ginn*, 47 M.J. at 248).[4]

Here, the decision by counsel not to challenge the legal sufficiency of the appellant's Rights Waiver and Acknowledgment in her first sworn statement to NCIS was reasonable and clearly did not amount to deficient performance under *Strickland*.  The appellant stated during the providence inquiry that she was fully satisfied with her trial defense counsel and that she believed counsel's advice was in her best interests.[5]

---

[3] In the guilty plea context, the first part of the *Strickland* test remains the same -- whether counsel's performance fell below a standard of objective reasonableness expected of all attorneys.  *Hill v. Lockhart*, 474 U.S. 52, 56–58 (1985)).  The second prong, however, is modified to focus on whether the "ineffective performance affected the outcome of the plea process."  *Id.* at 59.  "(T)o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

[4] Here, because the appellant did not offer a post-trial affidavit providing evidence of her ineffective assistance of counsel claim, only the record of trial was reviewed by this court.  As such, no factual dispute is presented, thus no *Ginn* analysis is required in this case.

[5] Record at 28, 29, 69.

Furthermore, the appellant entered into a pretrial agreement with the Government where she specifically agreed "to not object to the admission into evidence of any of my statements given to NCIS agents."[6]  Last, the appellant herself admitted to the military judge that she understood her rights despite the fact that the NCIS agent did not read them aloud.  Record at 34-35. We will not second-guess strategic or tactical trial decisions of defense counsel absent the appellant's showing of specific defects in his counsel's performance that were "'unreasonable under prevailing professional norms.'"  *United States v. Mazza,* 67 M.J. 470, 475 (C.A.A.F. 2009) (quoting *United States v. Perez,* 64 M.J. 239, 243 (C.A.A.F. 2006)).

### Conclusion

The findings and sentence as approved by the CA are affirmed.  We direct that the supplemental court-martial order reflect the correct forum (special court-martial) and the proper pleas and findings.

For the Court

R.H. TROIDL
Clerk of Court

---

[6] Appellate Exhibit III at 6.