# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant FRANCISCO I. NAREWSKI**
**United States Army, Appellant**

ARMY 20140080

Headquarters, U.S. Army Training Center and Fort Jackson
John Moran, Military Judge (arraignment)
Deidra J. Fleming, Military Judge (trial)
Lieutenant Colonel Robert L. Manley III, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Amanda R. McNeil Williams, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

22 August 2016

---------------------------------
MEMORANDUM OPINION
-----------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

On 27 April 2013 appellant, a drill sergeant at Fort Jackson, South Carolina, created a maelstrom of misconduct that began with him giving alcohol and having sex with a trainee, plateaued when he drove drunk around Fort Jackson with three female trainees and tossed a smoke grenade at a headquarters building, and terminated when the military police tasered him in his driveway.

Appellant entered mixed pleas. In accordance with his pleas, the military judge found him guilty of one specification each of adultery and providing alcohol

to a person under the age of twenty-one.[1]  Contrary to appellant's pleas, the military judge found appellant guilty of driving while drunk, being drunk on duty, three specifications of abusive sexual contact, and being drunk and disorderly.[2]  The military judge sentenced appellant to a bad-conduct discharge, five months confinement, and a reduction to the grade of E-1.  The convening authority approved the sentence, but waived the automatic forfeitures for the benefit of appellant's spouse.

On appeal, appellant asserts that his civilian defense counsel at trial was ineffective.  We find that as appellant has failed to demonstrate any prejudice, this issue merits only a brief discussion and no relief.[3]  We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.[4]  However, in our review of the record of trial we find a substantial basis in law to question appellant's plea to providing alcohol to someone under the age of twenty-one.

---

[1] Both offenses were violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) [hereinafter UCMJ].  As discussed below, the offense of providing alcohol to a minor was in violation of § 62-6-4070 of the South Carolina Code, assimilated into federal law by 18 U.S.C. § 13.

[2] In violation of Articles 111, 112, 120, and 134 UCMJ, 10 U.S.C. §§ 911, 912, 920, 934 (2012).

[3] Appellant's civilian defense counsel demonstrated an unfamiliarity with court-martial procedure, etiquette, and rules.  Appellant cites as an example that his counsel referred to him as "the Sarge," and made numerous erroneous objections that tended to demonstrate an unfamiliarity with the military rules of evidence.

However, whatever his counsel's shortcomings, appellant has failed to demonstrate any prejudice on appeal. *See Strickland v. Washington*, 466 U.S. 668 (1984).  At each instance the military judge or the detailed defense counsel stepped in and provided assistance or correction.  For example, appellant's civilian defense counsel failed to file a motion to suppress evidence seized when the government apprehended appellant and searched his vehicle.  Nonetheless, the military judge allowed appellant to file a suppression motion mid-trial, held a suppression hearing, and ultimately suppressed the overwhelming majority of the evidence.  Appellant does not cite any specific prejudice other than that "the combined effect" of the errors deprived appellant of a fair trial.  Accordingly, we find appellant has failed to meet his burden on appeal. *See United States v. Gutierrez*, 66 M.J. 329, 332 (C.A.A.F. 2008) (burden is on appellant to demonstrate prejudice).

[4] Appellant personally asserts his sentence is too severe, he has suffered hardship when someone broke into his personal vehicle, dilatory post-trial processing, and his command is responsible for losing some of his personal effects.  We find these matters submitted pursuant to *Grostefon* do not warrant relief.

## BACKGROUND

On 27 April 2013 appellant was assigned to be in charge of quarters (CQ) for a basic training unit.  As the unit was between training cycles, the trainees assigned to the unit consisted of soldiers being recycled into the next training cycle, soldiers awaiting follow-on assignments, and soldiers being administratively discharged from the Army for medical or physical fitness reasons.  At the start of his shift, appellant flirted with several female trainees in the CQ office while the remainder of the unit waited outside in formation for about forty-five minutes to be released.  Appellant released the formation at 2100 for lights out.

Appellant then detailed six trainees to serve as "runners" for him during his tour of duty as CQ.  Normally, two trainees act as runners for the CQ.  Additionally, appellant selected all female runners.  Normally, runners are the same gender as the drill sergeant.  Appellant also had the same six runners stay on duty with him most of the evening.  Normally runners are switched out hourly.

Appellant then allowed his runners to watch movies, use phones, and order pizza, activities usually prohibited during basic training.  He also offered them, and provided one with, alcohol.  Appellant also drank alcohol and became intoxicated.  During the course of the evening, appellant made a pass of a sexual nature at each trainee.  Appellant also groped the buttocks of three trainees.  Ultimately appellant had sexual intercourse in the latrine with one of the trainees.  At a later point, appellant took three of the soldiers in his car for a ride around Fort Jackson.  While on the joyride, appellant stopped in front of a brigade headquarters building.  To the surprise of his trainee passengers, he then pulled a smoke grenade out of a compartment in the car, pulled the pin, and tossed the grenade in front of the building.  He drove off again once the smoke grenade performed successfully.

After his shift was over appellant was seen driving erratically at the child development center.  After receiving reports of this erratic behavior, military police found appellant parked in his driveway arguing with his wife.  After refusing to obey military police commands, appellant was tasered and subdued.

## DISCUSSION

Appellant pleaded guilty, *inter alia*, to Specification 4 of Charge VII, providing alcohol to Private (PVT) MR, one of the trainees.  During the plea inquiry, the military judge and appellant had the following colloquy regarding appellant giving PVT MR alcohol:

> MJ: Okay.  At that time was [PVT MR] under the age of twenty-one years?
>
> ACC: Yes, Your Honor.

> MJ Okay.  How did you know that?
> ACC: I read her statement, Your Honor.
>
> MJ: So at some point later, you learned that she was under the age of twenty-one?  Is that my understanding?
>
> ACC: Yes, Your Honor.

The specification alleged a violation of South Carolina Code § 61-6-4070 which criminalizes providing alcohol to anyone under the age of twenty-one.  As the offense occurred on Fort Jackson, this law was assimilated into the federal code by the Assimilated Crimes Act, 18 U.S.C. §13.  Under § 61-6-4070 it is a misdemeanor offense, punishable by up to thirty days imprisonment, to provide alcohol to anyone under the age of twenty-one.  The offense has several exceptions, none of which are applicable to appellant.

The statute does not include any *mens rea* for the offense.  That is, § 61-6-4070 is silent on whether a defendant must *know* that the person is under the age of twenty-one.  As appellant's plea inquiry did not establish whether he acted negligently, recklessly, or knowingly in providing alcohol to PVT MR, his plea can stand only if § 61-6-4070 is a strict liability offense.

Commentators interpreting §61-6-4070 in the civil context have noted that courts have required either an intentional act or at least a negligence standard ("knows or reasonably should know"). Robert D. Robbins and Erin B. Richardson, *The Evolving Law on Social Host Liability in South Carolina*, 18 S. Caroloina Lawyer 16 (2007).  We do not believe that criminal liability would require a lower *mens rea* than civil liability for the same act.  Additionally, and perhaps more clearly, §61-6-50 states "[t]he *wilful* [sic] violation of any rule or regulation made under the provisions of the [Alcoholic Beverage Control Act] constitutes a violation of the act."  S.C. Code Ann. § 61-6-50 (2006) (emphasis added).  Thus, we cannot find any indication that §61-6-4070 is a strict liability offense.  Moreover, in the guilty plea context, the military judge never discussed the requisite *mens rea*.

Accordingly, we find a substantial basis in law to question the providence of appellant's plea.  *See also United States v. Gifford* 75 M.J. 140, 144 (C.A.A.F. 2016) (interpreting *Elonis v. United States*, 135 S. Ct. 2001, 2009, 192 L. Ed. 2d 1 (2015) to find that a general order that prohibited giving alcohol to persons under the age of twenty-one must be read to include a minimum *mens rea* of recklessness).

**CONCLUSION**

Specification 4 of Charge VII is set aside and DISMISSED.  The remaining findings of guilty are AFFIRMED.  We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles

articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court