# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class DANIEL J. RODGERS
## United States Air Force

### ACM S38832

### 8 November 2016

Sentence adjudged 1 April 2015 by SPCM convened at Kadena Air Base, Okinawa, Japan.  Military Judge:  Brendon K. Tukey (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 3 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant:  Lieutenant Colonel Patrick E. Neighbors, Major Lauren A. Shure, and Captain Annie W. Morgan.

Appellate Counsel for the United States:  Gerald R. Bruce, Esquire.

Before

DREW, J. BROWN, and MINK
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MINK, Judge:

Appellant was convicted, pursuant to his plea, by a military judge sitting as a general court-martial of attempting to commit lewd acts upon a child under the age of 16, on divers occasions, in violation of Article 80, UCMJ, 10 U.S.C. § 880.  Appellant was sentenced to a bad-conduct discharge, confinement for three months, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority approved the sentence as adjudged.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant raises the sole issue of ineffective assistance of counsel. We disagree and affirm.

*Background*

One charge with two specifications, in violation of Article 80, UCMJ, were preferred against Appellant. Specification 1 of the charge alleged that Appellant attempted to commit sexual acts upon a child under the age of 16 and Specification 2 alleged that Appellant attempted to commit lewd acts upon a child under the age of 16, on divers occasions. After the charge and its specifications were referred to a general court-martial, Appellant entered into a pretrial agreement with the convening authority whereby the convening authority agreed to amend Specification 2 by striking the word "anus" from the specification and to withdraw and dismiss with prejudice Specification 1 upon the acceptance of Appellant's guilty plea to the amended Specification 2. Appellant also agreed to enter a reasonable stipulation of fact, waive all waivable motions, and waive the right to trial by court members and request trial by military judge alone. There was no limitation on the sentence that the convening authority could approve in the pretrial agreement. Both Appellant and the convening authority complied with all of the terms of the pretrial agreement.

Additional facts necessary to resolve the assignment of error are included below.

*Effectiveness of Counsel*

Appellant submitted an affidavit in which he contends that one of his trial defense counsel, Captain (Capt) CG, provided him ineffective assistance by advising him that the charge in his case would be a misdemeanor and claimed that, but for this advice, he would not have agreed to plead guilty in accordance with the pretrial agreement. In reviewing claims of ineffective assistance of counsel, we look "at the questions of deficient performance and prejudice de novo." *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Gutierrez*, 66 M.J. 329, 330–31 (C.A.A.F. 2008)).

To establish ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first prong, the appellant has the burden to show that his "counsel's performance fell below an objective standard of reasonableness—that counsel was not functioning as counsel within the meaning of the Sixth Amendment." *United States v. Edmond*, 63 M.J. 343, 351 (C.A.A.F. 2006) (quoting *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005)). The question is, therefore, "did the level of advocacy 'fall[] measurably below the performance . . . [ordinarily expected] of fallible lawyers?'" *United States v. Haney*, 64 M.J. 101, 106 (C.A.A.F. 2006) (quoting *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)) (alterations in original). Under the

second prong, the deficient performance must prejudice the accused through errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland*, 466 U.S. at 687). Counsel is presumed competent until proven otherwise. *Strickland*, 466 U.S. at 689.

Additionally, in the guilty plea context, "[t]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Bradley*, 71 M.J. 13, 16 (C.A.A.F. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* at 16–17 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)). Further, Appellant must satisfy an objective inquiry: he must show had he been advised properly, that it would have been rational for him to reject the benefits of the pretrial agreement and to plead not guilty. *Id.* at 17.

In his affidavit, Capt CG denied ever characterizing the misconduct with which Appellant was charged as a misdemeanor. He noted that while the maximum possible confinement in Appellant's case decreased from 45 years to 15 years as a result of the pretrial agreement wherein the convening authority agreed to withdraw and dismiss the first Specification, Capt CG asserted that he would never characterize an offense with a possible period of confinement of 15 years as a "misdemeanor." Capt CG also averred he advised Appellant "orally and in writing, on multiple occasions, about the severity of the offenses with which he was charged and to which he pled guilty," including advising Appellant of the possibility he would be required to register as a sex offender. Capt CG's written advice regarding this requirement, which Appellant also acknowledged in writing, was attached to Capt CG's affidavit. Appellant's other trial defense counsel, Maj LS, also averred that he never heard Capt CG characterize Appellant's misconduct as a misdemeanor, nor did he do so himself.

"[T]he defense bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *Tippit*, 65 M.J. at 76 (citing *Polk*, 32 M.J. at 153). When there is a factual dispute, appellate courts determine whether further factfinding is required. *United States v. Ginn*, 47 M.J. 236, 242–43 (C.A.A.F. 1997).

Based upon our review of Appellant's claim, trial defense counsel's affidavits, and the matters contained in the record, we can resolve this issue without ordering additional factfinding by applying the principles set forth in *Ginn*, 47 M.J. at 248. Under the first principle in *Ginn*, no factfinding hearing is required if "the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor." *Id.* Under the fourth principle in *Ginn*, no factfinding hearing is

required "if the affidavit is factually adequate on its face but the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts." *Id.*

At trial, the military judge discussed the maximum punishment authorized based solely on Appellant's plea of guilty with Appellant and his trial defense counsel. Appellant acknowledged that the maximum authorized punishment was a reduction in grade to E-1, total forfeitures of all pay and allowances, 15 years confinement, and a dishonorable discharge. As noted above, the pretrial agreement did not limit the sentence that could be approved by the convening authority. Prior to accepting Appellant's guilty plea, the military judge also asked Appellant if his defense counsel had advised him of sex offender reporting and registration requirements that could result from his guilty plea and Appellant acknowledged that his defense counsel had done so. During the sentencing portion of the trial, Appellant provided the military judge with an unsworn statement in which Appellant acknowledged that he was going to be a federal convict, have to register as a sex offender, and that even if he received no punishment from the court-martial, he would "forever struggle more than most to find a place to live, a job, and any college that would accept [him]."

We find it unnecessary to resolve the factual discrepancy between Appellant's assertion that his trial defense counsel characterized the charge as a misdemeanor and the denial by his trial defense counsel that he did so. Even were we to assume that Capt CG erroneously characterized the charged misconduct as a misdemeanor, Appellant would not be entitled to any relief since he has failed to demonstrate any prejudice as a result. It is clear from the appellate filings and the record as a whole that Appellant understood the seriousness and the consequences of the charge to which he pleaded guilty. Applying an objective standard, we conclude that it would not have been rational for Appellant to reject the pretrial agreement, which reduced his potential possible confinement by 30 years, and plead not guilty solely on the basis the misapplication of the term "misdemeanor" to the charge in his case. Appellant was fully advised and aware of the consequences of his guilty plea.

In addition, the appellate filings and the record as a whole "compellingly demonstrate" the improbability of Appellant's assertions. This was a sex offense that could have resulted in sex-offender registration and up to 15 years in confinement. The term "misdemeanor" is generally understood to mean a crime less serious than a felony; however, offenses under the UCMJ are not categorized as either misdemeanors or felonies. There is absolutely nothing that would suggest that this federal offense was the equivalent of a misdemeanor, or that anyone who was aware of what constituted that term would suggest that it was similar to the conviction here.

We find that Appellant has failed to establish that he was denied effective assistance of counsel. *United States v. Paxton*, 64 M.J. 484, 490 (C.A.A.F. 2007).

*Promulgating Order Error*

We note that Specification 2 of the Charge on the initial court-martial promulgating order (CMO) incorrectly states that Appellant was found guilty of Specification 2, including the word "anus." While the Appellant pleaded guilty to Specification 2, he pleaded not guilty to the word "anus." Prior to finding Appellant guilty of Specification 2, the military judge directed the trial counsel to amend Specification 2 by lining through the word "anus" on the original charge sheet in compliance with the terms of the pretrial agreement. The original charge sheet was apparently never modified and the word "anus" was included in Specification 2 on the CMO. We direct completion of a corrected CMO to remedy this error.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court